UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARL A. EMERICH,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

3:06-cv-0302-RLH-VPC

**ORDER**

This action is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed by Carl Emerich, a Nevada state prisoner. This action comes before the Court with respect to the merits of the petition.

**I.    Procedural History**

On October 5, 2001, petitioner was charged by criminal complaint with two counts of obtaining and/or using personal identifying information of another, two counts of burglary, and one count of eluding a police officer, all felony charges. (Exhibit 1).[1] On November 29, 2001, petitioner agreed to waive his preliminary examination and plead guilty to a single count of obtaining and/or using the personal identifying information of another, and the State agreed to dismiss the remaining counts. (Exhibit 3). On November 29, 2001, a criminal information was filed, charging petitioner

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #11-17.

with one count of obtaining and/or using the personal identifying information of another. (Exhibit 5). On January 16, 2002, petitioner was arraigned and plead not guilty to the single count in the criminal information; the State notified the court that petitioner's plea breached the plea agreement and that the State would be filing an amended information. (Exhibit 7).

On January 22, 2002, the State filed an amended information charging petitioner with two counts of obtaining and/or using personal identifying information of another, two counts of burglary, and one count of eluding a police officer. (Exhibit 8). On February 22, 2002, pursuant to plea negotiations, petitioner changed his plea to guilty to a single count of obtaining and/or using personal identifying information of another. As part of petitioner's agreement with the State, he was granted release on his own recognizance into a Salvation Army treatment program. (Exhibit 9). On February 22, 2002, the parties filed a guilty plea memorandum reflecting their negotiations. (Exhibit 11).

On March 26, March 29, and April 3, 2002, bench warrants were issued for petitioner, for absconding after one day in the Salvation Army program. (Exhibits 12, 13, 14, and 18 at p. 3).

On June 6, 2002, petitioner was sentenced to 96 to 240 months imprisonment. (Exhibit 18). On June 13, 2002, a corrected judgment of conviction was entered, reflecting petitioner's sentence. (Exhibit 20).

On July 9, 2002, petitioner filed an appeal. (Exhibit 25). In his appeal, petitioner claimed his sentence was excessive and that it was unduly influenced by religious factors. (Exhibit 28). On October 15, 2002, the Nevada Supreme Court reversed for reliance on other uncharged crimes and remanded the case to a different judge for re-sentencing. (Exhibit 30). Remittitur issued on November 12, 2002. (Exhibit 32).

On March 6, 2003, before a different judge, petitioner was re-sentenced. (Exhibit 39). A judgment of conviction was entered sentencing petitioner to imprisonment for a maximum of 240 months and a minimum of 72 months. (Exhibit 40). Petitioner appealed his sentence, claiming that it was based on prior bad acts not proven at the re-sentencing. (Exhibit 51). On September 19,

2003, the Nevada Supreme Court issued its order of affirmance, concluding that petitioner's claim lacked merit. (Exhibit 53). Remittitur issued on October 16, 2003. (Exhibit 56).

On December 3, 2003, petitioner filed a post-conviction habeas petition in state court. (Exhibit 57). On July 23, 2004, counsel for petitioner filed a supplemental petition. (Exhibit 80). On November 22, 2004, the state district court granted the State's motion to dismiss several of petitioner's claims; the court ordered an evidentiary hearing on the remaining claims. (Exhibit 85). On July 22, 2005, the state district court held an evidentiary hearing. (Exhibit 92). On September 15, 2005, the court denied the petition. (Exhibit 95).

On October 18, 2005, petitioner filed a notice of appeal. (Exhibit 101). On April 10, 2006, the Nevada Supreme Court issued its order of affirmance. (Exhibit 110). Remittitur issued on May 5, 2006. (Exhibit 112). Petitioner submitted his federal habeas petition to this Court on May 23, 2006. (Docket #1). The federal habeas petition filed in this Court raises two grounds for relief:

    1.    Petitioner (hereinafter Mr. Emerich) was denied his right to effective assistance of counsel, as set fourth [sic] in the Sixth Amendment of the United States Constitution. Mr. Emerich was further denied the right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. 6th and 14th.

        Counsel failed to provide petitioner his presentence report prior to, during, or after his sentencing hearing.

        The sentence was unfair because of the inaccuracies in the presentence report.

    2.    Petitioner was denied his right to effective assistance of counsel fourth [sic] in the Sixth Amendment of the United States Constitution. Mr. Emerich was further denied the right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. 6th and 14th.

        Counsel failed to present mitigating evidence at the sentencing hearing, such as a mental health evaluation and drug expert evaluation.

(Docket #6).

Respondents previously moved to dismiss the petition for failure to exhaust. (Docket #20). By order filed April 2, 2007, this Court determined that petitioner's Sixth and Fourteenth

3

Amendment claims of due process and equal protection violations were unexhausted. (Docket #27). Petitioner filed a declaration of abandonment of the unexhausted claims. (Docket #28). Respondents were directed to file an answer to the remaining ground for relief, petitioner's claim of ineffective assistance of counsel. (Docket #27, at p. 6). On July 20, 2007, respondents filed an answer. (Docket #31).

**II.      Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme

Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.   Discussion**

   **A.  Ground One**

Petitioner claims that his trial counsel was ineffective for failing to provide him with a copy of his pre-sentence investigation report. (Docket #6, at p. 3).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The Nevada Supreme Court addressed petitioner's claim that his trial counsel was ineffective for failing to provide him with a copy of his pre-sentence investigation report, applying the *Strickland* standard. (Exhibit 110). The Nevada Supreme Court found the following: "At the evidentiary hearing, the district court found that errors in the presentence investigation report were not prejudicial, and had they been rectified prior to sentencing, would not have resulted in a different sentence." (Exhibit 110, at p. 3). The Nevada Supreme Court observed that petitioner had an extensive criminal history and that he was sentenced "to protect society and to hold petitioner accountable for his actions." (*Id.*, at p. 4). The Court concluded that: "(1) Emerich failed to demonstrate that he was prejudiced in any way by the alleged ineffective assistance of counsel, and (2) substantial evidence supports the district court's denial of Emerich's petition." (*Id.*).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground One.

### B. Ground Two

Petitioner claims that his trial counsel was ineffective for failing to present mitigating evidence at sentencing. (Docket #6, at p. 7). Petitioner claims that trial counsel was ineffective for failing to present drug or mental health experts at sentencing. (*Id.*).

The Nevada Supreme Court reviewed this claim and found that:

> Emerich's former counsel testified that it was a strategic decision not to present live testimony of the retained drug rehabilitation expert at the sentencing hearing. Counsel believed that had the expert testified, information about Emerich previously absconding from a Salvation Army drug treatment program would jeopardize his chances for entry into another program. Counsel stated he was hoping to "gloss over" that fact. The district court found that counsel was not ineffective, and that Emerich's sentence would not have been different with "more specific information about petitioner's addiction."

(Exhibit 110, at p. 3). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, at 466 U.S. at 690-91. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground Two.

### IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

### V.     Conclusion

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this   21st   day of         July         , 2009.

_____
ROGER L. HUNT
Chief United States District Judge